THE ASSIGNMENT OF STEWART & AIMAN.

1. **Partnership**: ASSIGNMENT FOR BENEFIT OF CREDITORS: INDIVIDUAL INDEBTEDNESS OF PARTNER: FACTS NOT CONSTITUTING. S. & A., who were partners, borrowed of a bank a sum of money, for $1,500 of which they gave a note signed by them individually and endorsed by another, and for the residue they gave the notes of their firm. The $1,500 was designed to be used, (as the bank knew at the time,) and was used, to pay the individual indebtedness of S., and S. was charged with the amount on the firm books. There was at this time no evidence that the firm was insolvent. Afterwards the notes were all taken up, and firm notes, secured by chattel mortgage, given for the whole loan. S. & A. subsequently made an assignment for the benefit of their creditors:— *Held* that the assignee was bound to pay the whole amount of the chattel mortgage out of the assets of the firm, and that the objection of the creditors that a portion thereof was the personal indebtedness of S. could not be sustained.

*Appeal from Buchanan Circuit Court.*

SATURDAY, DECEMBER 15.

STEWART & AIMAN, a mercantile firm, made an assignment of their property to R. Stewart for the benefit of their creditors. The assignee made a report to the circuit court, showing, among other things, that he had paid a claim against the assignors for the sum of $7,340, secured by notes and a chattel mortgage upon the property of the firm, to the First National Bank of Independence. To this report certain creditors

of the firm objected, on the ground that $1,700 of the claim was the amount of the individual indebtedness of one of the partners, Stewart, and asked that the assignee be required to account for that sum. An issue was joined upon this objection, and a trial thereof was had before the circuit court. The objections of the creditors to the assignee's report were overruled, and the report of the assignee was approved. The creditors appeal.

*Ransier & Bruckart* and *N. W. Bliss*, for appellants.

*Lake & Harmon*, for appellee.

BECK, J.—I. the evidence shows that the assignors borrowed of the bank the amount of money secured by the chattel mortgage. At the time the loan was effected, notes were given, one of which—for $1,500—was signed by the parties individually, and endorsed by another person. The other notes were signed by the firm. Fifteen hundred dollars of the amount so borrowed were applied to the payment of an individual debt of one of the partners, Stewart, the other partner assenting thereto. With this sum Stewart was charged upon the books of the firm. The officer of the bank, with whom negotiations were made for the loan, understood the purpose for which the parties intended to use the money. There is no evidence that the firm was insolvent at this time. Subsequently the notes first given, including the note for $1,500, were taken up, and the firm notes were given in their place, which were secured by the chattel mortgage. The creditors insist that the notes, to the extent of $1,500 and interest thereon, all amounting to $1,700, constitute a personal indebtedness of Stewart, which ought not to be paid by the assignee until the creditors of the firm have been paid.

II. That the firm became bound for the amount in controversy cannot be doubted. That the notes, both those first given and subsequently executed, were executed with the consent of both partners, is not denied. That they are based

upon a sufficient consideration, and are not tainted with fraud, must be admitted; and that the firm could not successfully resist their payment will not be claimed. If the claim and security therefor were valid against the assignors, they may be enforced against the assignee. Upon the payment of the money to Stewart's creditors, Stewart became bound for the amount to the firm, and, as we understand the record, he is charged with that amount upon its books. If the transaction was in good faith—with no purpose to defraud the firm's creditors—it must be upheld. The knowledge possessed by the bank officer of the purpose of the partners as to the appropriation of the money, in the absence of notice of the firm's insolvency, does not affect their rights, for, as we have said, the note in question was valid as against the firm. In our opinion the circuit court rightly ruled in overruling the objections to the assignee's report, and in entering an order approving it. ·

AFFIRMED.